UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                          04-40007-FDS

RICHARD LABOMBARD

DEFENDANT'S MOTION TO STRIKE SURPLUSAGE

Defendant Richard Labombard, by his attorney, moves that this Court strike that portion of the superseding indictment captioned "Notice of Additional Factors".

Mr. Labombard submits that the information delineated as additional facts, paragraph five of the superseding indictment, are improper and prejudicial surplusage in violation of Federal Rules of Criminal Procedure 7(d).

As set forth in the Advisory Committee Notes to Rule 7(d), "This rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."

Clearly, the government obtained the superseding indictment in an effort to guard against prospective ruling by the United States Supreme Court that the federal sentencing guidelines are unconstitutional or a variant thereof in the wake of Blakely v. Washington, 124 S. Ct. 2531 (2004).

The Fifth Amendment to the United States Constitution provides that "No person shall be held to answer for a capital crime, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury .. Nor shall any person ... be deprived of life, liberty, or property, without due process of law ..."  Only Congress has the authority to criminalize conduct and so, because the additional factors are not statutory offenses with a basis in the United States Code, they may not be treated as elements of an infamous crime under the Fifth Amendment.  See e.g.

Staples v. United States, 511 U.S. 600, 604 (1994).

Moreover, since the additional factors are not properly offenses against the laws of the United States, under 18 U.S.C. §3231, this Court lacks the subject matter jurisdiction over the matters asserted in the notice of additional factors.

Rule 7©) requires that each count of the indictment provide the official or customary citation of the statute the defendant is alleged to have violated.  That notice is provided in paragraph four of the indictment.  Thereafter, the only authority referenced in paragraph five is to the United States Sentencing Guidelines.  While the government attempts to craft an indictment which may satisfy post Blakely jurisprudence, there is no current lawful authority for this form of pleading.

Mr. Labombard submits that inclusion of the additional factors is prejudicial surplusage.  By setting forth the tax loss alleged by the government, the trial jury has displayed to it a specific dollar amount by which to measure the dollar loss to the taxpayers of the United States, of which the jury is included.  It is plainly unfair, and impermissibly prejudicial, to place that information before the jury in the indictment as it considers whether the elements of the crime of tax evasion have been proven beyond a reasonable doubt.  Presenting in the indictment facts which are not elements of the crime will unfairly prejudice Mr. Labombard's right to have the jury decide the primary issue of whether the government can prove the elements of the crime of tax evasion.

Accordingly, Mr. Labombard requests that this Court strike that portion of the superseding indictment captioned "Notice of Additional Factors."

RICHARD LABOMBARD
By his attorney,

/s/ Elliot M. Weinstein
Elliot M. Weinstein
BBO #520400
228 Lewis Wharf
Boston, MA 02110
617-367-9334

October 29, 2004