UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | Cr. No. 04-CR-40007-FDS |
| ) | |
| RICHARD LABOMBARD ) | |
| ) | |
| Defendant ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim P. 30, the United States of America hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases. The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence presented at trial.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

   By:  /s/ S. Waqar Hasib
        S. WAQAR HASIB
        Assistant U.S. Attorney

Dated: April 24, 2006

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

<u>Nature of the Offense Charged</u>

Counts One, Two, Three, and Four of the indictment charge that the Defendant willfully attempted to evade or defeat a substantial income tax which was due for the years 1997, 1999, 2000, and 2001.[1]

---

[1] Adapted from O'Malley, Grenig, and Lee, 2B <u>Fed. Jury Prac. & Instr.</u>, § 67.01 (5th Ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

<u>Statute Defining Offense</u>

Section 7201 of the Internal Revenue Code provides, in part, that:

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title...shall...be guilty of a felony.[2]

---

[2] 26 U.S.C. § 7201; Adapted from O'Malley, Grenig, and Lee, 2B <u>Fed. Jury Prac. & Instr.</u>, § 67.02 (5th Ed. 2000).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

<u>INCOME TAX EVASION</u>

Defendant LABOMBARD is charged with income tax evasion.  For you to find the defendant guilty of this crime, the government must prove the following elements beyond a reasonable doubt:

<u>First</u>:   that the defendant owed substantially more federal income tax for the years 1997, 1998, 1999, and 2003 than was indicated as due on his income tax return;

<u>Second</u>:   that the defendant intended to evade or defeat the assessment or payment of this tax; and

<u>Third</u>:   that the defendant willfully committed an affirmative act in furtherance of this intent.

A person may not be convicted of federal tax evasion on the basis of a willful omission alone; he also must have undertaken an affirmative act of evasion.

The affirmative act requirement can be met by the filing of a false or fraudulent tax return that substantially understates taxable income or by other affirmative acts of concealment of taxable income such as keeping a double set of books, making false entries or invoices or documents, concealing assets, handling affairs so as to avoid keeping records, and so forth.

Defendant Labombard acted "willfully" if the law imposed a duty on him, he knew of the duty, and he voluntarily and intentionally violated that duty.  Thus, if the defendant acted

in good faith, he cannot be guilty of this crime. The burden to prove intent, as with all other elements of the crime, rests with the government. This is a subjective standard: what did Defendant Labombard honestly believe, not what a reasonable person should have believed. Negligence, even gross negligence, is not enough to meet the "willful" requirement.[3] It should be pointed out that neither the defendant's disagreement with the law nor his own belief that the law is unconstitutional, no matter how earnestly that belief is held, constitutes a defense of good faith misunderstanding or mistake. It is the duty of all citizens to obey the law regardless of whether they agree with it.[4]

---

[3] Adapted from First Circuit Pattern Jury Instruction (Criminal) Inst. 4.25 (1998).

[4] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 8.01, Instruction No. 8-1 (2005).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

<u>Proof of Precise Amount of Tax Owed Not Necessary</u>

The government must prove beyond a reasonable doubt that the Defendant willfully attempted to evade or defeat a substantial portion of the tax owed.

Although the government must prove a willful attempt to evade a substantial portion of tax, the government is not required to prove the precise amount of additional tax alleged in the indictment or the precise amount of additional tax owed.[5]

---

[5] Adapted from O'Malley, Grenig, and Lee, 2B <u>Fed. Jury Pract. & Instr.</u>, § 67.08 (5th Ed. 2000)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

<u>Willfully</u>

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendants acted willfully. Willfully means to act with knowledge that one's conduct is unlawful and with intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

The defendant's conduct was not willful if it was due to negligence, inadvertence, or mistake.[6]

---

[6] Adapted from 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 3A.01, Instruction No. 3A-3 (1999); <u>Ratzlaf v. United States</u>, 510 U.S. 135 (1994); <u>United States v. Pomponio</u>, 429 U.S. 10 (1976); <u>United States v. Hurley</u>, 63 F.3d 1 (1st Cir. 1995).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

<u>Each Tax Year Is Separate</u>

Any willful failure to comply with the requirements of the Internal Revenue Code for one year is a separate matter from any such failure to comply for a different year. The tax obligations of the defendant in any one year must be determined separately from the tax obligations in any other year.[7]

---

[7] Adapted from O'Malley, Grenig, and Lee, 2B <u>Fed. Jury Prac. & Instr.</u>, § 67.24 (5th Ed. 2000)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

Income - Defined

Federal income taxes are levied upon income derived from compensation for personal services of every kind and in whatever form paid, whether as wages, commissions, or money earned for performing services.  The tax is also levied upon profits earned from any business, regardless of its nature, and from interest, dividends, rents, and the like.  In short, the term "gross income" means all income from whatever source, unless it is specifically excluded by law.[8]

---

[8] Adapted from Pattern Jury Instructions, Eleventh Circuit (2003 Ed.), Offense Inst. 93.1

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

"On or About" – Proof Of

You will note the indictment charges that the offenses were committed "on or about" certain dates.  The proof need not establish with certainty the exact dates of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.[9]

---

[9] Adapted from O'Malley, Grenig, and Lee, 2B <u>Fed. Jury Prac. & Instr.</u>, § 13.05 (5th Ed. 2000)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

<u>Charts and Summaries</u>

Certain charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they were based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.  You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.[10]

---

[10] 1 L. Sand, <u>Modern Federal Jury Instructions</u>,¶5.05, Instruction 5-13 (2004).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

<u>CREDIBILITY OF DEFENDANT AS WITNESS</u>

(Requested only if a defendant testifies)

A defendant cannot be compelled to take the witness stand and testify.  Whether or not a defendant testifies is a matter of his own choosing.  If a defendant does choose to testify, he is a competent witness.  In that event, he is subject to cross-examination and his credibility is for you, the jury, to determine, in the same manner as that of other witnesses.[11]

---

[11] <u>United States v. Dwyer</u>, 843 F.2d 60, 63-64 (1st Cir. 1988).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

<u>THE GOVERNMENT AS A PARTY</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty with an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendants, who are charged with a serious crime.

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.[12]

---

[12] 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 2.01, Instruction No. 2-5 (2004).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

<u>SYMPATHY</u>

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendants are guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.[13]

---

[13] 1 L. Sand, et al, <u>Modern Federal Jury Instructions: Criminal</u>, ¶ 2.01, Instruction No. 2-12 (2004).  <u>See</u> <u>also</u> <u>United States v. Levy-Cordero</u>, 67 F.3d 1002, 1009 (1st Cir. 1995).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

PUNISHMENT

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or, in any sense, enter into your deliberations.[14]

---

[14] 1 L. Sand, et al, Modern Federal Jury Instructions: Criminal, ¶ 9.01, Instruction No. 9-1 (2004); Shannon v. United States, 512 U.S. 573 (1994).