UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
          V.                      )     Cr. No. 04-CR-40007-FDS
                                  )
RICHARD LABOMBARD                 )
              Defendant           )

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S FEDERAL TAX LIEN

The government moves this Court to admit into evidence a federal tax lien filed against the defendant for the years 1983, 1984, and 1985.  The government seeks to admit this lien as proof of the defendant's motive pursuant to Fed. R. Evid. 404(b).  In the alternative, the government seeks to admit this lien independent of Rule 404(b) as evidence probative of an element of the crime charged.

### ARGUMENT

### A.    The Lien

The lien the government seeks to admit was filed against the defendant by the Internal Revenue Service on April 24, 1989.  It was filed at the Registry of Deeds in Northern Middlesex County, Lowell, MA.  The lien is for a total of $36,038.95, for unpaid federal tax balances from 1983, 1984, and 1985.  The government has obtained a certified copy of this lien from the Registry of Deeds in Lowell, and seeks to admit it as a self-authenticating public record without a witness.  Fed. R. Evid. 803(8), 902(4).

**B.     The Lien Is Admissible Under Rule 404(b)**

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive... ."  Fed. R. Evid. 404(b). To determine the admissibility of evidence under Rule 404(b), the court applies a two-pronged test.  United States v. DeCicco, 439 F.3d 36, 50 (1st Cir. 2006).  First, the court must "determine whether the evidence in question has any 'special relevance' exclusive of defendant's character or propensity."  Id., quoting United States v. Sebaggala, 256 F.3d 59, 67 (1st Cir. 2001). Second, if the court finds the evidence has a "special relevance," the probative value of the evidence must substantially outweigh the danger of unfair prejudice.  DeCicco, 439 U.S. at 36; see also Fed. R. Evid. 403.

The government expects its witness Rita Hoge, from the Defense Finance Accounting Service ("DFAS"), to testify that according to DFAS business records, the defendant was receiving a military pension, but that a substantial amount was taken out of his pension check every month in 1997, 1999, 2000, and 2001, because of a tax lien.  Furthermore, the government expects its witness Marion Benevento, a former Internal Revenue Service ("IRS") special agent, to testify that the defendant told her he was altering his 1099-R forms because the IRS was taking money out of his pension.  Moreover, the evidence will show that the

defendant was altering his 1099-Rs to withhold precisely the same amount that DFAS was garnishing from his pension.  Thus, the existence of the federal tax lien has special relevance beyond any propensity by the defendant to not pay taxes.  Specifically, it is directly relevant to prove that he had a motive to evade taxes in the years that his pension check was being reduced by the IRS.

The defendant would not suffer any unfair prejudice if this Court admits the lien into evidence.  The government intends to introduce the lien at the close of its case.  By that point, the jury will have already heard from Ms. Hoge that the defendant's pension paycheck was being reduced for a tax lien.  They will also already have heard from Ms. Benevento the defendant's explanation for his altered 1099-Rs.  Thus, any prejudice caused by admission of the tax lien into evidence will be minimal at best, since the jury will already be able to surmise that the defendant had tax deficiencies prior to 1997.  Moreover, this Court could eliminate the possibility of any unfair prejudice by specifically instructing the jury to use the lien only as evidence of the defendant's motive to evade taxes in 1997, 1999, 2000, and 2001, and not as evidence of any propensity to avoid paying taxes.  Fed. R. Evid. 105; see also Huddleston v. United States, 485 U.S. 681, 691-92 (1988).

**C.    The Lien Is Admissible As Directly Probative Of One Of The Elements Of The Crime Charged**

Evidence is admissible independent of Rule 404(b) if it is "part and parcel of the charged offense." United States v. Nivica, 887 F.2d 1110, 1119 (1st Cir. 1989), cited approvingly in United States v. Santagata, 924 F.2d 391, 394 (1st Cir. 1991). Here, the lien is part and parcel of the charged offense.  Its existence is the very reason why the defendant altered his 1099-R forms.  In other words, it is part and parcel of the defendant's willfulness, an element of the crime of tax evasion.  First Circuit Pattern Jury Instructions (Criminal), Inst. 4.25 (1988). Thus, the lien is admissible independently of Rule 404(b) as directly probative of one of the elements of the crime charged. Id.

**CONCLUSION**

The tax lien is admissible, either under Rule 404(b), or as evidence directly probative of one of the elements of the crime charged.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ S. Waqar Hasib
     S. WAQAR HASIB
     Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ S. Waqar Hasib
S. WAQAR HASIB
Assistant U.S. Attorney



Date: May 4, 2006