## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA )
)
)
v. )          **Criminal No.**
)          **04-40007-FDS**
RICHARD LABOMBARD, )
)
Defendant. )
)

## JURY INSTRUCTIONS

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

Every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a fundamental principle of our system of justice.

The presumption of innocence means that the burden of proof is always on the government to prove beyond a reasonable doubt that the defendant is guilty of the crime with which he is charged.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crime charged beyond a reasonable doubt. The defendant does not have to prove that he is innocent.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. You may not convict the defendant if the government fails, or is unable, to establish beyond a reasonable doubt any essential element of the crime charged against him.

You may not convict the defendant based on speculation or conjecture.

You may not convict the defendant if you decide that it is equally likely that he is guilty or not guilty. If you decide that the evidence would reasonably permit either of two conclusions—either that he is guilty as charged, or that he is not guilty—you must find the defendant not guilty.

You may not convict the defendant if you decide that it is only probable that he is guilty. A mere probability of guilt is not guilt beyond a reasonable doubt.

The law does not require that the government prove guilt beyond all possible doubt; proof

3

beyond a reasonable doubt is sufficient to convict. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Again, the defendant is presumed to be innocent, and the government bears the burden of proving him guilty beyond a reasonable doubt. If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt, it is your duty to acquit him. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt as to his guilt, you should vote to convict him.

## WHAT IS EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness, and the exhibits that have been received into evidence.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in the light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inference you draw must be reasonable. It may not be based on speculation or conjecture.

6

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both. It is for you to decide how much weight to give to any evidence.

7

## WHAT IS NOT EVIDENCE

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. Let me give you an example: If a lawyer asked a witness, "Do you agree that X is true?" and the witness responded, "No," the lawyer's statement would not be evidence that X is true. The mere fact that the lawyer asked the question is not enough.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it.

(4) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(5) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(6) The indictment is not evidence.

8

## THE INDICTMENT

This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. The fact that the defendant has been indicted is not evidence of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment is not proof of anything.

## VERDICT BASED SOLELY ON THE EVIDENCE

Your verdict must be based solely upon the evidence. In reaching your decision as to whether the government has sustained its burden of proof, it would be improper for you to consider any personal feelings you may have about the defendant or about the nature of the crime with which the defendant is charged. It would also be improper for you to base your verdict on any sympathy or other emotion you may have concerning the defendant.

## CONSIDERATION OF POSSIBLE PUNISHMENT

In reaching your decision, you should not consider any possible punishment the defendant may face if he is convicted, or allow any possible punishment to influence your deliberations. It is my role, as the judge, to impose any sentence. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt.

## GOVERNMENT AS A PARTY

You are to perform your duty of finding the facts without bias or prejudice as to any party. The fact that the prosecution is brought in the name of the United States of America does not entitle the government to any greater or lesser consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called, or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe, considering all of the evidence and drawing upon your common sense and personal experience. You may believe all of the testimony of a witness, or some of it, or none of it.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; any apparent fairness or unfairness they may have displayed; any interest they may have in the outcome of the case; any prejudice or bias they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other evidence that tends to support or contradict their versions of the events.

13

## CREDIBILITY OF DEFENDANT AS WITNESS

A defendant cannot be compelled to take the witness stand and testify. Whether or not a defendant testifies is a matter of his own choosing. If a defendant does choose to testify, he is subject to cross-examination, and his credibility is for you, the jury, to determine, in the same manner as that of other witnesses.

## LAW ENFORCEMENT WITNESSES

You have heard the testimony of certain law enforcement witnesses. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

It is for you to decide, after reviewing all of the evidence, whether to accept the testimony of the law enforcement officer witnesses, and what weight, if any, to give to that testimony.

15

## CAUTIONARY AND LIMITING INSTRUCTIONS

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## CHARTS AND SUMMARIES

Certain charts and summaries were shown to you in order to summarize other evidence and to make it more understandable for you. You should give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they are based.

## ELEMENTS OF THE OFFENSES—INTRODUCTION

I am now going to give you some instructions on the nature of the crimes charged in the indictment and the elements of the offense that the government must prove beyond a reasonable doubt.

The indictment contains four counts charging the defendant, Richard Labombard, with tax evasion. The government alleges that the defendant willfully attempted to evade or defeat a substantial amount of income tax that was due for the years 1997, 1999, 2000, and 2001.

## TAX EVASION—ELEMENTS OF THE OFFENSE

As to each count, for you to find the defendant guilty of income tax evasion, you must be convinced that the government has proved each of the following things beyond a reasonable doubt:

First, that the defendant owed substantially more federal income tax than was indicated as due on his income tax returns;

Second, that the defendant willfully attempted to evade or defeat the assessment or payment of his income tax; and

Third, that the defendant committed an affirmative act, as charged in the indictment, in furtherance of his attempt to evade or defeat the assessment or payment of his income tax.

20

## FIRST ELEMENT—SUBSTANTIAL AMOUNT OF TAX

The first element requires that the government prove beyond a reasonable doubt that the defendant owed "substantially more" federal income tax than was indicated as due on his income tax return. The government need not prove the precise amount of additional tax alleged in the indictment or the precise amount of additional tax owed, but the amount owed must be substantial.

## SECOND ELEMENT—"WILLFULLY"

The second element that the government must prove is that the defendant "willfully" attempted to evade or defeat the assessment or payment of his income tax.

The defendant acted "willfully" if (1) the law imposed a duty on him and he knew of the duty; and (2) he voluntarily and intentionally violated that duty. Thus, there is both a "knowledge" component and an "intent" component to this element. I will address each in turn.

If the defendant acted in good faith, he cannot be guilty of this crime. Negligence, even gross negligence, is not enough. The burden of proving that the defendant acted willfully, as with all other elements, rests with the government.

22

## SECOND ELEMENT— KNOWLEDGE

Let me turn first to the "knowledge" component of this element. In order to prove that the defendant acted "willfully," the government must prove, among other things, that the law imposed a duty on him to pay his taxes and that he knew he had that duty.

You are instructed that the law generally imposes a duty on United States citizens to pay taxes on their income, from whatever source derived. It is the duty of all citizens to obey the law, including the income tax laws, whether they agree with those laws or not.

In this case, the government alleges that the defendant had taxable income—and owed a substantial income tax as a result—for each tax year charged in the indictment. If you find that the government has proved that the defendant had a duty under the law to pay that income tax, you must then consider whether the defendant knew that the law imposed that duty on him.

You may consider any evidence in the record, as well as any reasonable inferences that you may draw from the record, in determining whether the defendant knew he had a legal duty to pay taxes on his income.

The fact that someone may disagree with the tax laws—no matter how earnestly he or she may believe that those laws are wrong—does not mean that the person is unaware of his legal duties to pay those taxes. In other words, if someone knows that the law requires that he pay a tax, but disagrees with the law and does not pay your taxes as a result, that person has the required degree of knowledge to satisfy this requirement.

Again, the government bears the burden of proving this element beyond a reasonable doubt.

23

## SECOND ELEMENT—INTENT

Let me turn next to the intent component of this element. In order to prove that the defendant acted "willfully," the government must also prove, among other things, that the defendant voluntarily and intentionally violated his known legal duty to pay taxes.

The standard is a subjective one: that is, the question is what the defendant actually believed and intended, not what a reasonable person under the same circumstances would have or should have believed. In making that determination, you may, of course, consider the defendant's own statements of intent or belief. You may accept or reject those statements, or give them such weight as you think they may deserve.

You may consider the reasonableness or unreasonableness of the defendant's stated beliefs as a factor in determining whether or not those beliefs were held in good faith. It is entirely up to you.

Again, the government bears the burden of proving this element beyond a reasonable doubt.

## THIRD ELEMENT—AFFIRMATIVE ACT OF EVASION

The third element requires the government to prove that the defendant committed an affirmative act, as charged in the indictment, in furtherance of his intent to evade or defeat the assessment or payment of income tax.

This element is not satisfied by an omission, or by a failure to do something; the defendant must have committed an affirmative act of evasion. The indictment charges that the defendant engaged in affirmative acts of evasion by filing various false and fraudulent tax documents, such as tax returns and Forms 1099-R.

The indictment charges separate counts for each tax year. The indictment also charges specific affirmative acts of evasion that apply to specific tax years. As to each count, the government must prove that the defendant committed at least one of the specific charged affirmative acts that applies to the specific charged tax year.

25

## EACH TAX YEAR IS SEPARATE

Any willful failure to comply with the requirements of the Internal Revenue Code for one year is a separate matter from any such failure to comply for a different year. The tax obligations of the defendant in any one year must be determined separately from the tax obligations in any other year.

26

## "ON OR ABOUT" EXPLAINED

The indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

27

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire, you will discuss the case with other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous—that is, all of you must agree on the verdict.

28

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. It is important, therefore, that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.