UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
V.                       )     CRIM. NO. 04-40007-FDS
                         )
RICHARD LABOMBARD        )

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America submits this memorandum in anticipation of the sentencing hearing in the above-referenced case.  In this memorandum, the government presents (1) a brief summary of the key facts presented at trial, (2) additional facts that have come to light since the government submitted its statement of facts to the U.S. Probation Department, and (3) the government's guideline calculations and sentencing recommendation.

**I.   Facts Presented at Trial**

On May 10, 2006, following a three day trial before this Court, a jury convicted Richard LABOMBARD of four counts of tax evasion, in violation of 26 U.S.C. § 7201. At trial, the government presented evidence that in 1997, 1999, 2000, and 2001, LABOMBARD, a military veteran born in the United States, filed non-resident tax returns indicating that he was a citizen not of the United States, but of the country of Massachusetts.  On these tax returns, he failed to report any wages from a job that he held in

Massachusetts during the years in question at a company called Setra Systems.  Also, although LABOMBARD reported to the IRS that he received a pension from the United States Defense Department during the years in question, he altered his pension withholding forms to greatly overstate the amount being withheld from that pension to pay federal taxes.

LABOMBARD took the stand in his defense and claimed that he was not required to pay federal taxes on the income from Setra Systems and the Defense Department because he believed that he was a citizen of the country of Massachusetts and not a citizen of the United States.  When confronted with an I-9 employment authorization form bearing his signature that indicated that he was in fact a citizen of the United States, LABOMBARD testified that he must have filled the form out incorrectly.

II.  **Facts Uncovered After Trial**

On June 22, 2006, just 42 days after the guilty verdict in this case, LABOMBARD filed a non-resident tax return for the tax year 2004, the same type of return that he used to commit tax evasion for the tax years 1997, 1999, 2000, and 2001 (Attachment A).  On the 2004 return, LABOMBARD properly declared and paid taxes on all of the income he received from the Defense Department as part of

his military pension.  However, as in past years, he did not declare any of the income he received as wages from his job at Setra Systems.  In short, LABOMBARD persists in refusing to pay taxes even after being found guilty of tax evasion.

### III.  Government's Sentencing Recommendation

At trial, the government presented evidence that it sustained a total tax loss of $52,928 as a result of LABOMBARD's acts during the years in question. Accordingly, pursuant to U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(E), the base offense level here is 14.  The government further maintains that a 2 level enhancement for obstruction of justice applies, pursuant to U.S.S.G. § 3C1.1, in light of LABOMBARD's testimony regarding the I-9 form on which he marked that he was a U.S. citizen. LABOMBARD has no criminal history.  Accordingly, the applicable guideline range is 21-27 months in prison, with a $5,000-$50,000 fine, 3 years of supervised release, restitution, and a $400 mandatory special assessment.

The government recommends a low-end sentence of imprisonment of 21 months, along with a $5,000 fine, 3 years of supervised release, restitution in the amount of $52,928 to the Internal Revenue Service, and a $400 mandatory special assessment.  Such a sentence would send a

serious signal to the tax protestor community that the kind of conduct in which LABOMBARD engaged will not be tolerated.  18 U.S.C. § 3553(a)(2)(B); see also U.S.S.G. § T1 Introductory Commentary ("[b]ecause of the limited number of criminal tax prosecutions relative to the estimated incidence of such violations, deterring others from violating the tax laws is a primary consideration underlying these guidelines.  Recognition that the sentence for a criminal tax case will be commensurate with the gravity of the offense should act as a deterrent to would-be violators.")  Moreover, such a sentence would reflect the seriousness of the offenses and promote respect for the law, particularly in light of the fact that LABOMBARD has continued evading payment of his taxes, even after a jury convicted him of tax evasion.

                                            Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ S. Waqar Hasib
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I certify that on Friday, October 20, 2006, I caused a copy of this sentencing memorandum to be served on counsel of record via electronic filing.

/s/ S. Waqar Hasib
Assistant U.S. Attorney